UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARNELL GREEN (07-B-0547)

       Plaintiff,

v.                                                                                          18-CV-00774-EAW


SERGEANT LEWALSKI,
OFFICER HORBETT, OFFICER RIVERA,
OFFICER MANCINI, OFFICER PECORA,
DR. LEVITT, DR. GUSMAN AND DR. WOLF,

       Defendants.

_____

**DECLARATION OF CHERYL MEYERS BUTH IN SUPPORT OF DEFENDANT
SERGEANT TIMOTHY LEWALSKI'S MOTION FOR SUMMARY JUDGMENT**


**CHERYL MEYERS BUTH,** an attorney admitted to practice before this court declares under

penalty of perjury that the following is true and correct and in accordance with 28 U.S.C. § 1746:

1.  I am an attorney duly admitted to practice before the United States District Court for the

    Western District of New York and I am a partner in the law firm of Meyers Buth Law

    Group pllc, attorneys for defendants Sergeant Timothy Lewalski.

2.  I submit this declaration in Support of Sergeant Timothy Lewalski's (herein after "Sgt.

    Lewalski") Motion for Summary Judgment dismissing Plaintiff inmate Darnell Green's

    (herein after "Green") excessive force claim. (See Complaint, dkt #1, p. 5).

3.  All of the evidence in support of Defendants' Motion for Summary Judgment is included

in Defendant's Appendix to Defendant's Statement of Undisputed Facts pursuant to Rule 56 or is contained in the Plaintiff's Complaint filed at dkt #1.

4. Green alleges Sgt. Lewalski used excessive force during an altercation that took place at Wende Correctional Facility (herein after "Wende") on the morning of February 9th, 2017.

**FACTS**

5. Green was housed at Wende Correctional Facility on February 9, 2017, serving a sentence for assault and manslaughter (see Exhibit A- Green EBT at p. 78).

6. On that date Green was attending a special event in the gymnasium with 60 other inmates.

7. Before the program was over he requested to be taken back to his cell. (Exhibit A- Green EBT at pg. 13-14).

8. After multiple disruptions he requested to speak with a sergeant. Lewalski was the sergeant in that area (Exhibit A- Green EBT at pg. 15). Officer Rivera and Officer Horbett escorted Green out of the event and into the hallway, away from the other inmates, in order to limit the disturbance, and to speak to Lewalski. (Exhibit A- Green EBT at pg. 15-16).

9. Sgt. Lewalski and two officers began to escort Green back to his cell. Green continued to be verbally disruptive and Sgt. Lewalski told the officers to, "lock him up", Green argued back at this demand and said, "lock me up for what?" (Exhibit A- Green EBT pg. 18-19).

10. Green made a sudden movement and claimed that he was then pushed by one of the escort officers into Sgt. Lewalski who was walking ahead of him. The impact caused Sgt. Lewalski to fall into a wall. (Exhibit A-Green EBT pg. 19).

11. While Green was allegedly being pushed onto Sgt. Lewalski, Sgt. Lewalski hit him in the face and lip. (Exhibit B- Green Complaint pg. 5). Green claimed that the punch from Lewalski happened after he got pushed into him, his face was in his chest, and that he was at an awkward angle on Lewalski. (Exhibit A-Green EBT pg. 81-82).

12. Green described these punches under oath, as not strong blows. He did not know if Lewalski was just trying to get him off of him, he just remembers taking hits to the head and feeling people behind him. (Exhibit A- Green EBT pg. 83).

13. Green, under oath, stated that he did not know what happened or how he was injured because it was taking place behind him. (Exhibit A-Green EBT pg. 20-21). Green acknowledged that this incident was fairly quick and no longer than 45 seconds. (Exhibit A- Green EBT pg. 22-23).

14. Green was also struck with a stick and believes the person using the stick was behind him and that this was the cause of the cut on his head, and it was not from Lewalski. (Exhibit A-Green EBT pg. 91-92).

15. Green testified that this altercation could have been caused by him not being restrained, his quick movements of turning a certain way, and the fact that he has a few assaults on correctional officers which caused officers to be on guard around him (Exhibit A-Green EBT pg. 95).

16. Green also affirmed that he was acting aggressively or emotionally as well. (Exhibit A- Green EBT pg. 117).

17. After this incident occurred, Green was escorted by entirely different officers to the Regional Medical Unit. (Exhibit A- Green EBT pg. 25). The handcuffs were taken off of Green and the nurse began examining him. (Exhibit A- Green EBT pg. 27). Within

seconds another outburst occurred between Green and the new officers as he stood up and refused to listen to their commands. (Exhibit A- Green EBT pg. 28-29). This was Green's second use of force incident on February 9, 2017. (Exhibit A-Green EBT pg. 89). Sgt. Lewalski was not present for this second incident.

18. All three doctors that are named in this lawsuit, examined Green at later dates and after examining him, stated that nothing was wrong with him. (Exhibit A-Green EBT pg. 55-56)

19. Green has a disciplinary record, and before this incident assaulted other officers, in multiple facilities.

20. On June 10 & 13, 2014 at Attica Correctional Facility, Green was involved in an altercation with officers and alleged he had broken ribs due to this incident. (Exhibit A-Green EBT pg. 107-111).

21. On August 19th, 2017, Green was charged at Sullivan Correctional Facility with violent conduct, creating disturbances, assault on staff and direct order due to striking an officer for coming to close to him. (Exhibit A- Green EBT pg. 57-58).

22. On January 12th, 2018, Green was charged at Sullivan Correctional Facility with creating disturbances, assault on staff, unhygienic act, and direct order. (Exhibit A- Green EBT pg. 60-61).

23. On August 12th, 2018, Green was charged at Elmira Correctional Facility for refusing an order and force was used. (Exhibit A- Green EBT pg. 61-64).

24. Green had no use of force incidents with Sgt. Lewalski.  (Exhibit A-Green EBT pg. 115).

25. Green confirmed all of these incidents and interactions under oath.

26. Green commenced the instant action against Sergeant Lewalski, Officer Horbett, Officer River, Officer Mancini, Officer Pecora, Dr. Levitt, Dr. Gusman and Dr. Wolf (dkt #1, Green Complaint pg. 5) which includes two causes of action:

(1) A claim that the defendants used excessive force against him in violation of the Eighth Amendment to the United States Constitution.

(2) A claim that the medical defendants incorrectly misdiagnosed him after numerous examinations in violation of the Eighth Amendment to the United States Constitution.

27. Sgt. Lewalski was only involved in the use of force incident.

28. Based on Sgt. Lewalski's Undisputed facts, together with the Appendix, it is apparent there is no cognizable factual or legal basis for the first cause of action against Lewalski, as Lewalski took proper precautions and used a proper level of force in this situation. Green's claimed violation of his Eighth Amendment rights should be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. § 1915(A) for failure to state a claim upon which relief may be granted.

29. For the reasons set forth more fully in the accompanying Memorandum of Law, Green's Complaint should be dismissed against Sergeant Lewalski, since there is no evidence that Green's constitutional rights were violated.

Dated: July 16, 2021
Orchard Park, New York

MEYERS BUTH LAW GROUOP, PLLC
Attorneys for Defendant Sergeant Lewalksi

By: /s/ Cheryl Meyers Buth
Cheryl Meyers Buth, Esq.
Laurie A. Baker, Esq.
21 Princeton Place

Suite 105
Orchard Park, New York 14127
(716)508-8598
cmbuth@mblg.us

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARNELL GREEN (07-B-0547)

      Plaintiff,

v.                                                                                          18-CV-00774-EAW


SERGEANT LEWALSKI, OFFICER HORBETT,
OFFICER RIVERA, OFFICER MANCINI,
OFFICER PECORA, DR. LEVITT,
DR. GUSMAN AND DR. WOLF,

      Defendants.

_____

CERTIFICATE OF SERVICE

      I hereby certify that on the 16th day of 2021, I electronically filed the foregoing

Declaration in support of Summary Judgment Motion with the Clerk of the District Court using

the CM/ECF system, which sent notification for such filing to the following:

      Asst. Attorney General David Sleight
      Office of the Attorney General
      Main Place Tower
      Suite 300A
      350 Main Street
      Buffalo, New York 14202
      716-852-6274
      David.sleight@ag.ny.gov

      And I mailed a hard copy of this document to :

      Darnell Greene
      07B0547
      WENDE CORRECTIONAL FACILITY
      Box 1187

Alden, NY 14004-1187
PRO SE

/s/ Cheryl Meyers Buth