UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARNELL GREEN,

       Plaintiff,

   v.

SERGEANT LEWALSKI,
CORRECTIONAL OFFICER HORBETT,
CORRECTIONAL OFFICER RIVERA,
CORRECTIONAL OFFICER MANCINI,
CORRECTIONAL OFFICER PECORA,
DR. JAQUILIME LEVITT, DR.
GUSMAN, AND DR. WOLF,

       Defendants.

**DECISION AND ORDER**

1:18-CV-774 EAW HKS

---

## INTRODUCTION

*Pro se* plaintiff Darnell Green ("Plaintiff"), a state prisoner currently housed at the Sullivan Correctional Facility, filed a complaint under 42 U.S.C. § 1983 alleging claims against defendants Sergeant Lewalski ("Lewalski"), Correctional Officers Horbett, Rivera, Mancini, and Pecora, and Drs. Levitt, Gusman, and Wolf (collectively "Defendants") in connection with events that took place while he was housed at the Wende ("Wende") and Sullivan ("Sullivan") Correctional Facilities. (Dkt. 1). Currently before the Court is Lewalski's motion for summary judgment. (Dkt. 69). Because only Lewalski has filed a motion for summary judgment, the Court considers only the excessive force claim against Lewalski for the purpose of summary judgment. For the reasons set forth below, Lewalski's motion is denied.

## FACTUAL BACKGROUND

The following facts are taken from Lewalski's Statement of Undisputed Facts (Dkt. 69), Plaintiff's complaint (Dkt. 1), and the exhibits submitted by the parties. Unless otherwise noted, the facts set forth below are undisputed.

On February 9, 2017, at approximately 8:40 a.m., Plaintiff was attending a classical music event at Wende. (Dkt. 69-2 at ¶ 13). Plaintiff requested to be returned to his cell multiple times during the event and ultimately requested to speak to a sergeant. (*Id.* at ¶ 14). Eventually, correctional officers escorted Plaintiff to speak to Lewalski or to his cell. (*Id.* at ¶ 15; Dkt. 69 at ¶ 9).[1] Lewalski instructed correctional officers to lock Plaintiff up. (Dkt. 69-2 at ¶ 16). Plaintiff argued with the instruction that he be locked up. (*Id.* at ¶ 17). A "use of force incident then occurred" in which, Plaintiff testified, he was pushed from behind into Lewalski who fell into a wall. (*Id.* at ¶ 19). Lewalski punched Plaintiff in the face and lip and another correctional officer struck Plaintiff with a stick on his head. (*Id.* at ¶ 21, 24; Dkt. 1 at 5). Other correctional officers eventually escorted Plaintiff to the regional medical unit. (*Id.* at ¶ 28).

On February 27, 2017 and June 21, 2017, Drs. Levitt, Gusman, and Wolf told Plaintiff that he did not have any broken ribs. (Dkt. 1 at 5-6). On October 3, 2017, Plaintiff had a series of x-rays while housed at the Green Haven Correctional Facility

---

[1]     Lewalski's submissions are inconsistent as to whether Plaintiff was escorted from the music event to speak to Lewalski who immediately informed Plaintiff and correctional officers that Plaintiff was to be locked up (Dkt. 69-2 at ¶ 15) or whether Plaintiff was escorted toward his cell, behaved disruptively while being escorted, and Lewalski then instructed officers to lock Plaintiff up (*id.* at ¶ 9).

("Green Haven") which showed that he had a "fracture [to the] anterior aspect l[eft] 10th rib.  No other rib fracture[s]."  (Dkt. 1-1 at 3).[2]

## PROCEDURAL BACKGROUND

Plaintiff filed the instant action on July 13, 2018. (Dkt. 1).  The Court screened Plaintiff's complaint pursuant to 28 U.S.C §§ 1915(e)(2)(B) and 1915A, construing Plaintiff's claims against the correctional officers as claims for excessive force and his claims against medical staff as a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  (Dkt. 14 at 5-7).  This matter was referred to United States Magistrate Judge H. Kenneth Schroeder, Jr. for all pretrial matters excluding dispositive motions.  (Dkt. 29).  Magistrate Judge Schroeder ordered that dispositive motions be submitted on or before July 16, 2021, after several extensions based on then-outstanding discovery disputes.  (Dkt. 68).  Lewalski filed a motion for summary judgment on July 16, 2021.  (Dkt. 69).  Plaintiff timely filed his response on August 10, 2021.  (Dkt. 72).

---

[2]      Lewalski's counsel's declaration in support of Lewalski's motion states that Plaintiff's complaint is among the documents supporting Defendant's motion for summary judgment.  (Dkt. 69-2 at ¶ 31).  However, the complaint and attached exhibits are inconsistent with paragraph 31 of Lewalski's statement of material facts that doctors "clarified that nothing was wrong with [Plaintiff]."  (*Compare* Dkt. 1 at 5-6; Dkt. 1-1 at 3, *with* Dkt. 69-2 at ¶ 31).  A district court should not deem unopposed facts to be admitted when those facts are unsupported by the record.  *Holtz v. Rockefeller & Co.,* 258 F.3d 62, 73-74 (2d Cir. 2001).  Given the inconsistency in the record, the Court cannot deem the fact asserted in paragraph 31 admitted.

## **DISCUSSION**

As a preliminary matter, Lewalski's motion for summary judgment fails to comply with a number of the Court's Local Rules of Civil Procedure.  The motion does not comply with Local Rule of Civil Procedure 7(a)(1), which requires a notice of motion that "must state the relief sought, the grounds for the request, the papers submitted in support, and the return date for the motion, if known."

Lewalski has also failed to comply with Local Rule of Civil Procedure 56(a)(3), which requires that "all cited evidence, such as . . . relevant deposition testimony . . . that has not otherwise been filed in conjunction with the motion" to be filed as an appendix to the statement of material facts. Lewalski's motion includes what appears to have been intended as an appendix, listing Plaintiff's examination before trial ("EBT") as its sole exhibit.  (Dkt. 69-3 at 1).  However, the appendix does not include a copy of the EBT, despite quoting heavily from it in Lewalski's counsel's declaration (Dkt. 69), memorandum of law (Dkt. 69-1), and statement of material facts not in dispute (Dkt. 69-2).

Lewalski additionally failed to comply with Local Rule of Civil Procedure 56(b), which requires a party moving for summary judgment against a *pro se* litigant to file and serve with the motion papers a "Notice to *Pro Se* Litigant Regarding Rule 56 Motion for Summary Judgment" in the form provided by the Court.  There is no indication in Lewalski's moving papers that Lewalski served the required notice upon Plaintiff.

Plaintiff has also failed to comply with the Court's Local Rules of Civil Procedure. The Court issued a notice to Plaintiff indicating that his response to Lewalski's motion

for summary judgment should include "(1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of material facts as to which Plaintiff contends there exists a genuine issue to be tried." (Dkt. 70 at 2). Plaintiff's response does not conform to the filing requirements set forth in the Court's notice to Plaintiff, neither do plaintiff's response papers comply with Local Rule 56 or Local Rule 7(a). Local Rule 56(a)(2) provides that "[e]ach numbered paragraph in the moving party's statement of material facts may be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." L. R. Civ. P. 56(a)(2). A district court has discretion to deem facts admitted for lack of compliance with its local rules. *See N.Y. State Teamsters Conf. Pension & Ret. Fund v. Express Servs., Inc.*, 426 F.3d 640, 648-49 (2d Cir. 2005).

However, "in a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Court of Appeals for the Second Circuit has held that district courts are obligated to make "reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Moor v. Gardner*, 201 F. App'x 803, 804 (2d Cir. 2006) (quoting *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983)).

Although Plaintiff's submissions do not take the form of a memorandum of law, separate affidavits, and statement of facts not in dispute as required by Local Rule 56(a),

Plaintiff's response contains relevant arguments raising genuine issues of material fact, and it includes an appendix consisting of, *inter alia*, medical records and grievances related to his complaint.  Additionally, "[a] plaintiff's verified complaint is to be treated as an affidavit."  *Zielinksi v. Annucci*, No. 9:17-CV-1087 (GTS/CFH), 2020 WL 7074845, at *7 (N.D.N.Y. Nov. 12, 2020) (citing *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) ("A verified complaint is to be treated as an affidavit . . . and therefore will be considered in determining whether material issues of fact exist. . . .")).  Especially in light of Lewalski's multiple instances of noncompliance with the Local Rules, the Court will consider the substance of Plaintiff's response where it presents more than conclusory allegations.  *See Samuels v. Schultz*, 11-CV-6255, 2017 WL 1194376, *2 (W.D.N.Y. Mar. 30, 2021) (considering the merits of defendant's motion and plaintiff's response for summary judgment despite defendant's and *pro se* plaintiff's noncompliance local rules).

Lewalski's noncompliance with several local rules raises concerns for the Court particularly with regard to his failure to serve the required notice upon Plaintiff.[3]  Nonetheless, the Court finds it appropriate to address the merits of Lewalski's motion rather than defer ruling pending correction of these errors and submission of the EBT transcript, because even accepting Lewalski's representations of Plaintiff's testimony, Lewalski has failed to show that there are no genuine issues of material fact such that he is entitled to judgment as a matter of law.  *See Samuels*, 2017 WL 1194376, at *2.

---

[3]     The Court notes that while Lewalski's failure to include an appendix containing the deposition testimony appears to be inadvertent, pursuant to Local Rule of Civil Procedure 5.2(f)(1)(C), he was required to file the transcript of Plaintiff's EBT on the docket.

I.       **Legal Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the Court finds that no rational jury could find in favor of that party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact. . . ."  *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014).  "Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial."  *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).  Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts[] and may not rely on conclusory allegations or unsubstantiated speculation."  *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)).  Specifically, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  *Brown*, 654 F.3d at 358.  Indeed, "the mere existence of some alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Where one party is proceeding *pro se*, the Court reads the *pro se* party's papers liberally and interprets them "to raise the strongest arguments that they suggest." *Thorne v. Lewis*, No. 3:19cv24 (VLB), 2021 WL 4324475, at *2 (D. Conn. Sept. 23, 2021) (quoting *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (internal quotation marks and citation omitted)). Despite this liberal approach, allegations unsupported by admissible evidence "do not create a material issue of fact" and cannot overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

## II.    Excessive Force Claim

The Eighth Amendment prohibition against cruel and unusual punishment encompasses the use of excessive force against an inmate. To state an excessive force claim under the Eighth Amendment, a prisoner must allege "that the defendant acted with a subjectively sufficiently culpable state of mind" and "that the conduct was objectively harmful enough or sufficiently serious to reach constitutional dimensions." *Bradshaw v. City of N.Y.*, 855 F. App'x 6, 9 (2d Cir. 2021) (summary order) (citing *Harris v. Miller*, 818 F.3d 49, 63, 64 (2d Cir. 2016)). The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986)); *see also Wilkins v. Gaddy*, 559

U.S. 34, 37 (2010) ("[T]he nature of the force applied is the core judicial inquiry in excessive force cases—not whether a certain quantum of injury was sustained.").

### A.    Culpable State of Mind

To assess the subjective component the Court considers "the extent of the injury and the mental state of the defendant, as well as the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response." *Harris*, 818 F.3d at 63 (citation omitted). Lewalski argues that he exercised only such force as was necessary to defend himself from Plaintiff and that such force was warranted to "maintain order and institutional security." (Dkt. 69 at 12 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 399-400 (2015)). In support of his argument, Lewalski cites Plaintiff's deposition testimony in which Plaintiff speculates about what might have caused the underlying altercation. Plaintiff purportedly stated:

> Well, it seemed like when I turned my head—because I wasn't bound or had handcuffs on or anything. When I turned a certain way, that could have caused it. Maybe because they probably figured I was probably – I have a few assaults on corrections officers. You know he can't be trusted. That's what the officers always say. I don't know. I just know I was pushed into [Lewalski].

(Dkt. 69 at 4). Plaintiff speculates that in response to Plaintiff turning his head, correctional officers pushed Plaintiff into Lewalski who "hit [Plaintiff] in the face and lip." (Dkt. 69-2 at ¶ 21). Despite admitting to striking Plaintiff, Lewalski argues that Plaintiff's disruptive behavior warranted what Lewalski characterizes as *de minimis* use of force, which was necessary to subdue Plaintiff. (Dkt. 69-1 at 4-5). Namely, "Lewalski

struck [Plaintiff] in the head, face[,] and lip . . . in an effort to get [Plaintiff] off of him."
(Dkt. 69-1 at 4).  Thereby, Lewalski argues, Plaintiff has failed to show that Lewalski had
the requisite state of mind to establish an excessive force claim.  (*Id.* at 5).

Plaintiff argues that he wanted to be returned to his cell, which correctional
officers obliged.  (Dkt. 72 at 5).  Therefore, Plaintiff argues, Lewalski's assertion that
Plaintiff behaved disruptively is not credible given that correctional officers were
providing him the service he had requested.  (*See id.*).  Furthermore, Plaintiff asserts that
he was "pushed or struck into [S]ergeant Lewalski[.]"  (*Id.* at 3-4).  Drawing all
inferences in Plaintiff's favor, Plaintiff's contested facts and related arguments indicate
genuine issues of material fact as to "the need for the application of force; the correlation
between that need and the amount of force used; the threat reasonably perceived by the
defendants; and any efforts made by the defendants to temper the severity of a forceful
response."  *Harris*, 818 F.3d at 63.  In other words, the fundamental question is not
whether Plaintiff was propelled into Lewalski, but rather whether Lewalski's response
was subjectively reasonable under the circumstances.  Even if the Court were to deem
admitted Lewalski's statement of material facts, he has failed to establish that there are
no genuine issues of material fact that would permit the Court to determine that his force
was needed or warranted.  Thus, summary judgment is inappropriate.

### B.   **Objectively Serious or Harmful Behavior**

Additionally, genuine issues of material fact remain as to the second prong of
Plaintiff's excessive force claim—whether the conduct was objectively harmful enough
or sufficiently serious.  *See Harris*, 818 F.3d at 64.  Lewalski argues that Plaintiff's

injuries were *de minimis* and do not rise to the level of a constitutional violation.[4] Plaintiff alleges that he sustained a broken rib, bruises, and a laceration to his head requiring stitches and has submitted medical records documenting bruising, superficial lacerations, ongoing abdominal pain, and a broken rib. (*See* Dkt. 1 at 5; Dkt. 72 at 6, 15, 21-24, 28).

The Supreme Court has cautioned that, "[a]n inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins*, 559 U.S. at 38. "Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Id.* The Supreme Court has held that "blows directed at [an inmate], which caused bruises, swelling, loosened teeth, and a cracked dental plate, are not *de minimis* for Eighth Amendment purposes." *Hudson*, 503 U.S. at 10.

Courts within this circuit have held that broken ribs are more than *de minimis* for the purpose of an excessive force claim. *E.g.*, *Tranchina v. McGrath*, 9:17-CV-1256 (MAD/ML), 2021 WL 1599189, at *5 (N.D.N.Y. Apr. 23, 2021) (upholding a jury verdict that broken ribs and possible concussion were more than *de minimis*); *Martinez v.*

---

[4]     Lewalski addresses the seriousness of Plaintiff's injuries with regard to the subjective component of an excessive force claim. (*See* Dkt. 69-1 at 6). While relevant to both inquiries, the Court will consider Lewalski's arguments regarding the seriousness of Plaintiff's injuries under the objective component. *See, e.g.*, *Harris*, 818 F.3d at 64-65.

*Thompson*, No. 9:04-CV-0440 (DEP), 2008 WL 5157395, at *8, *19 (N.D.N.Y Dec. 8, 2008) (upholding a jury verdict that broken ribs and lumbar injury were more than *de minimis*). Accordingly, Plaintiff's lacerations, bruises, and broken rib are not *de minimis* for the purpose of his Eighth Amendment claims of excessive force at this stage.

However, Lewalski argues that Plaintiff "admits Sgt [sic] Lewalski did not cause his rib injury." (Dkt. 69-1 at 6). Lewalski does not cite any evidence that supports this claim. Instead, Lewalski cites Plaintiff's deposition testimony in which Plaintiff states that he does not know when he sustained the rib injury. (*Id.*). The motion for summary judgment correctly summarizes that Plaintiff was originally not diagnosed with a broken rib at Wende despite complaining of pain in his side. (Dkt. 69-1 at 6). He was diagnosed with a broken rib while housed at Green Haven. (*Id.*; Dkt. 1-1 at 3).

The gravamen of Plaintiff's deliberate indifference claim is precisely that he sustained a broken rib in the altercation with correctional officers at Wende on February 9, 2017, but he was not diagnosed or treated for the broken rib until he was examined at Green Haven. (Dkt. 1 at 6, 7; Dkt. 1-1 at 3). When Plaintiff sustained a broken rib is a material fact both to his deliberate indifference claim and his excessive force claims. And nothing in Lewalski's motion demonstrates that there is no genuine issue as to this fact. Furthermore, Lewalski cites Plaintiff's deposition testimony in which he testified that he did not know which correctional officer allegedly caused the injuries to his lip or head. (*Id.*). However, Lewalski admits that he struck Plaintiff "several times in the side of the head, face[,] and lip." (*See* Dkt. 69-1 at 4).

- 12 -

Whether Lewalski's participation in the altercation resulted in Plaintiff's broken rib is unclear from the record. However, even assuming Lewalski had shown that his strikes incontrovertibly did not cause Plaintiff's broken rib, this alone would not warrant summary judgment. "[T]he extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation." *Wilkins*, 559 U.S. at 37. The ultimate question is whether the alleged assault "was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Id.* at 40 (quoting *Hudson*, 503 U.S. at 7).

As discussed above, it is the movant's burden of showing the absence of a genuine dispute as to any material fact. *See Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014). Based on the arguments presented, the Court "cannot say with the requisite degree of certainty that [Plaintiff's] factual assertion[s are], as a matter of law, something that no rational jury could accept." *Bradshaw*, 855 F. App'x at 10. Accordingly, the Court finds that summary judgment as to Plaintiff's claim for excessive force against Lewalski is inappropriate.

## **CONCLUSION**

For the foregoing reasons, Lewalski's motion for summary judgment as to Plaintiff's claim for excessive force (Dkt. 69) is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:        November 30, 2021
              Rochester, New York