**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DARNELL GREEN (07-B-0547)**
**Plaintiff,**

**v.**                                                    **18-CV-00774-EAW**

**SERGEANT LEWALSKI,**
**OFFICER HORBETT,**
**OFFICER RIVERA, OFFICER MANCINI,**
**OFFICER PECORA, DR. LEVITT,**
**DR. GUSMAN AND DR. WOLF,**
**Defendants.**

---

| | |
|---|---|
| **MOTION BY:** | Cheryl Meyers Buth, Esq., Attorney for Defendant Sergeant Lewalski |
| **DATE, TIME & PLACE:** | Before the Honorable Elizabeth A. Wolford, United States District Court Judge, United States Courthouse, 2 Niagara Square, Buffalo, New York, on March 18, 2024 |
| **SUPPORTING PAPERS:** | Affirmation of Cheryl Meyers Buth, Esq., dated March 8, 2024. |
| **RELIEF REQUESTED:** | An Order precluding plaintiff from introducing certain evidence at trial |

Dated:  Orchard Park, New York
        March 8, 2024

Yours etc.

/s/ Cheryl Meyers Buth
Cheryl Meyers Buth
Laurie A. Baker
Attorneys for Defendant Timothy Lewalski
MEYERS BUTH LAW GROUP pllc
21 Princeton Place, Suite 105
Orchard Park, New York 14127
cmbuth@mblg.us
716-508-8598

TO:

Letitia James
Attorney General of the State of New York
David J. Sleight
David.Sleight@ag.ny.gov

Jennifer Metzger Kimura
Jennifer.Kimura@ag.ny.gov

Assistant Attorneys General, of Counsel
Attorneys for Defendants Horbett, Rivera, Mancini, Pecora, Dr. Levitt and Dr. Gusman
350 Main Street, Suite 300A
Buffalo, NY 14202

Eoin O. Muimhneachain, Esq. Phillips Lytle LLP
One Canalside
125 Main Street
Buffalo, New York 14203
emoynihan@phillipslytle.com

Jeffrey D. Coren, Esq. Phillips Lytle LLP
One Canalside
125 Main Street
Buffalo, New York 14203 jcoren@phillipslytle.com

Mitchell P. Snyder, Esq. Phillips Lytle LLP
One Canalside
125 Main Street
Buffalo, New York 14203 msnyder@phillipslytle.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DARNELL GREEN (07-B-0547)**
**Plaintiff,**

**v.**                                                  **18-CV-00774-EAW**

**SERGEANT LEWALSKI,**
**OFFICER HORBETT,**
**OFFICER RIVERA, OFFICER MANCINI,**
**OFFICER PECORA, DR. LEVITT,**
**DR. GUSMAN AND DR. WOLF,**
**Defendants.**

---

CHERYL MEYERS BUTH, ESQ., hereby states and affirms under penalty of perjury:

1. I am an attorney at law duly admitted to practice before the United States District Court for the Western District of New York and I am a member of MEYERS BUTH LAW GROUP pllc, Orchard Park, New York 14127.

2. I am the attorney for Defendant Timothy Lewalski.

3. This affirmation is intended to supplement Defendants' joint motion in limine [dkt #120] and response to plaintiff's motion in limine [dkt # 123, #129]. It is timely filed pursuant to this Court's pretrial scheduling order [dkt #112].

4. Defendant Lewalski seeks to preclude plaintiff from introducing evidence at trial of any prior employment-related discipline imposed on him.

5. Plaintiff previously filed pre-marked proposed exhibits which reference Defendant Lewalski's DOCCS disciplinary history. [see dkt #122 at P-47, 51]. Defendant Lewalski filed objections to those exhibits [dkt #131] and moves to preclude plaintiff from referring or otherwise introducing evidence of those incidents at trial.

3

6. At no time previously in this case has plaintiff requested any information from Defendant Lewalski's counsel regarding his [Lewalski's] disciplinary history, subpoenaed it from DOCCS, nor indicated an intention to use or refer to those matters at trial.

7. While plaintiff did not move *in limine* to admit such information, on February 26, 2024 just over a month before trial, plaintiff moved [dkt #123] for an adverse inference instruction based on defendants' allege failure to provide "agreed upon documents concerning prior excessive use of force incidents or any substantiated finding of dishonest conduct". To the extent plaintiff intends to introduce such evidence at trial, defendants oppose it and move for an Order of preclusion.

8. Based on the same arguments Defendant's counsel relied on to oppose any adverse inference instruction, we explicitly oppose any effort by plaintiff's counsel to refer to any prior grievances, disciplinary action or use of force incidents involving Defendant Lewalski.

9. Plaintiff's counsel attached to its motion *in limine* a DOCCS Office of Special Investigations Report ("O.S.I.") dated January 12, 2018 pertaining to a wholly different case; that case involves the suicide of an inmate at Wende Correctional Facility 8 months after the events in this case [see dkt #123-1, Ex. C].

10. That report refers by name to seven correctional officers, one of whom is Defendant Lewalski who were involved in the October 6, 2017 incident involving the decedent inmate.

11. Since that incident post-dates the instant case by 8 months, it is not relevant to the issues in this case; and even if it was, the unfair prejudice to Defendants far outweighs the any probative value. [See F.R.E. 401, 403].

4

12. Absent any explanation from plaintiff's counsel regarding how they obtained the O.S. I. report the defense presumes it was a document obtained in discovery in 20-cv-233. As such it is subject to a Confidentiality and Protective Order in that case [see dkt #124, 125]. To the extent the use of that report by plaintiffs here violates the Order in that case, Defendant Lewalski moves for an Order redacting the exhibit on this docket.

13. While plaintiff's counsel did not mark the O.S.I. report pertaining to the October 6, 2017 incident as a trial exhibit, to the extent they may seek to cross-examine Defendant Lewalski about that case, Defendant moves for an Order prohibiting plaintiff from doing so.

14. Since the decedent inmate's estate has brought a claim based on excessive use of force, the only basis this plaintiff would have for questioning Defendant Lewalski about it would be to show a propensity to engage in similar conduct.

15. F.R.E. 404 precludes evidence of bad character, whether documentary or testimonial, from being introduced solely for the purpose of demonstrating conduct in conformity therewith on a particular date [F.R.E. 404(a)(1), 404(b)(1)].

16. Also attached to plaintiff's motion *in limine* as a separate exhibit is a notice of document subpoena from the same case [see dkt 123-1, Ex. D]. The subpoena seeks inmate grievance records for a number of correctional officers (see pages 3-8), Sgt. Lewalski being among them. While the defense has already filed objections to the use of this document as a pre-marked exhibit in this trial, we reincorporate the same arguments here and move to preclude any reference to prior disciplinary actions filed against Defendant Lewalski.

5

17. The inclusion of Exhibits C and D with plaintiff's motion *in limine* is improper since it is done for the sole purposes of prejudicing this Court by making it aware of other allegations against Defendant Lewalski during his career with DOCCS. Although now retired, as a Sergeant at a maximum security prison, Defendant Lewalski would be required to sign off on all paperwork for any use of force that occurred while he was the supervisor in charge.

18. Neither exhibit should be considered by the Court; plaintiff's counsel should be precluded from asking Defendants about prior grievances or disciplinary matters during the trial.

19. Plaintiff does not describe the circumstances of those cases listed in Exhibit D or Defendant Lewalski's alleged role, indicate whether the allegations were substantiated or not, nor state whether any discipline was imposed. Plaintiff simply seeks to impugn his reputation with this Court with the hopes of obtaining an advantage in the instant litigation.

20. Additionally, on March 8, 2024, the Assistant Attorney General provided to plaintiff's counsel, pursuant to a stipulated Confidentiality and Protective Order [dkt 124], a DOCCS O.S.I. Report dated May 9, 2018. [Defendants will file the O.S.I. report separately under seal]

21. Even though the discovery deadline was long past, the Assistant Attorney General voluntarily disclosed the O.S.I. report to plaintiff's counsel upon their informal request. All parties stipulated the report would remain subject to the terms of the Confidentiality and Protective Order.

6

22. That report includes a finding that plaintiff Green's allegations against all of the officers in this case, including Defendant Lewalski, were unsubstantiated and, specifically, that there was a lack of evidence to corroborate the inmate's claims.

23. There are also bare references to other O.S.I. excessive force investigations naming Defendant Lewalski (no outcome is indicated) and an F.B.I. investigation. No details or time periods are provided. None of those matters have any bearing on this case.

24. Defendants seek to preclude the O.S.I. report from being used in any way during the trial for the same reasons cited above as well as in our objections to the proposed exhibits and our response to plaintiff's motion *in limine*.

The undersigned hereby affirms that the allegations of fact set forth above are true and correct to the best of my knowledge and are made under penalty of perjury.

/s/ Cheryl Meyers Buth
Cheryl Meyers Buth
Laurie A. Baker
Attorneys for Defendant Timothy Lewalski
MEYERS BUTH LAW GROUP pllc
21 Princeton Place, Suite 105
Orchard Park, New York 14127
cmbuth@mblg.us
716-508-8598

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DARNELL GREEN (07-B-0547)**
**Plaintiff,**

**v.**                                              **18-CV-00774-EAW**

**SERGEANT LEWALSKI,**
**OFFICER HORBETT,**
**OFFICER RIVERA, OFFICER MANCINI,**
**OFFICER PECORA, DR. LEVITT,**
**DR. GUSMAN AND DR. WOLF,**
**Defendants.**

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 8, 2024, I electronically filed the foregoing Motion *in limine* with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

Eoin O. Muimhneachain, Esq. Phillips Lytle LLP
One Canalside
125 Main Street

Buffalo, New York 14203

emoynihan@phillipslytle.com

Jeffrey D. Coren, Esq. Phillips Lytle LLP
One Canalside
125 Main Street
Buffalo, New York 14203 jcoren@phillipslytle.com

Mitchell P. Snyder, Esq. Phillips Lytle LLP
One Canalside
125 Main Street
Buffalo, New York 14203 msnyder@phillipslytle.com

David J. Sleight, Esq.
Office of the Attorney General Main Place Tower – Suite 300A 350 Main Street
Buffalo, New York 14202 david.sleight@ag.ny.gov

Jennifer Metzger Kimura Esq. Office of the Attorney General Main Place Tower – Suite 300A 350 Main Street

Buffalo, New York 14202

jennifer.kimura@ag.ny.gov