UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARNELL GREEN (07-B-0547)

                                Plaintiff,

v.                                                **18-CV-00774-EAW**

SERGEANT LEWALSKI, OFFICER HORBETT,
OFFICER RIVERA, OFFICER MANCINI,
OFFICER PECORA, DR. LEVITT and
DR. GUSMAN,

                                Defendants.

_____

## DEFENDANTS' JOINT REPLY MEMORANDUM
## IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*

MEYERS BUTH LAW GROUP, PLLC
Laurie A. Baker, Esq.
Cheryl Meyers Buth, Esq.
Attorneys for Defendant
Sgt. Lewalski
21 Princeton Place
Suite 105
Orchard Park, New York 14127


LETITIA JAMES
Attorney General of the State of New York
David J. Sleight, AAG
Attorneys for Defendants
 Horbett, Rivera, Mancini,
Pecora, Levitt, Gusman and
Wolf
The Capitol
Albany, New York 12224

## PRELIMINARY STATEMENT

The Court held a pretrial conference on March 18, 2024, at which it heard argument on the parties' pre-trial motions *in limine*. The Court directed the parties to submit additional briefing on the issues discussed at the pretrial conference. Defendants, jointly, submit this memorandum of law is further opposition to the issues raised at the pretrial conference and subsequently by Plaintiff in his additional submissions. It is respectfully request that the Court issue rulings: 1) that preclude Plaintiff from introducing evidence of other unsubstantiated allegations of similar misconduct by Defendants; 2) that a bifurcated trial on the issue punitive damages is not warranted in this case 3) that preclude Plaintiff from discussing or entering into evidence the report of the Correctional Association on Wende CF (Plaintiff's proposed Exhibit 50); and, 4) that Defendants have not waived their right to object to the admissibility of evidence.

## ARGUMENT

### POINT I

### UNSUBSTANTIATED ALLEGATIONS OF SIMILAR MISCONDUCT ARE INADMISSIBLE

Since the pretrial conference, Plaintiff's counsel has identified various document reflecting unsubstantiated allegations of similar misconduct on the part of Defendants Lewalski and Horbett[1] that they seek to either discuss or admit into evidence during trial. Defendants ask that the Court preclude Plaintiff from using other unsubstantiated allegations of similar misconduct.

---

[1] So far, Plaintiff seeks to use the discipline that Defendants Lewalski and Horbett received 8 months after the facts underlying this case arising out of the Dante Taylor matter and the Green OSI report that references other OSI cases, uses of force and an FBI referral for Defendant Lewalski. Plaintiff now also has in his possession documents produced in *McDay* that reflect other unsubstantiated allegations of similar misconduct.

Generally speaking, evidence of other unsubstantiated allegations of similar misconduct are inadmissible pursuant to Fed. R. Evid. 404(b) as propensity evidence. "Similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States,* 485 U.S. 681, 689, 99 L. Ed. 2d 771, 108 S. Ct. 1496 (1988). *See also Crenshaw v. Herbert*, 409 Fed. Appx. 428, 429 (2nd Cir. 2011) (affirming denial of discovery of police officer's personnel file because "…even if evidence of a prior substantiated excessive force investigation existed … such evidence would be inadmissible to show that [that the officer] acted violently in this instance); *Hayes v. Fredericksen*, 961 F.2d 1374, 1379 (8th Cir. 1992) ([s]howing a "proclivity to engage" in conduct is the same as showing a propensity to engage in conduct and both are prohibited by Rule 404(b)); *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2nd Cir. 1991) (Plaintiff's proffer that prior complaints showed officer was "sadistic," "malicious," "aggravated state of mind" "amounts to no more than a veiled attempt to do what *Rule 404(b)* expressly prohibits -- introducing evidence of bad acts to show the defendant's propensity to commit such acts").

Such evidence is also admissible under Fed. R. Evid. 608(b) to impeach Defendants credibility. In the criminal context, the Southern District of New York has denied a defendant's request to direct the government to produce disciplinary files involving unsubstantiated allegations of misconduct against witnesses. *See United States v. Fernandez*, 2009 WL 10637246, at *2 (S.D.N.Y. Dec. 30, 2009). In doing so, the Court noted that such claims did not "result[] in a finding that was adverse to any of the witnesses" and were thus insufficient to undermine the witnesses' credibility. *Id*.

> [C]ontrary to the Defendant's contentions, evidence regarding CO-1's disciplinary history is not admissible under Rule 608(b). Rule 608(b) permits inquiry into specific instances of a witness's conduct on cross-examination if the instances are probative of the witness's character for truthfulness or untruthfulness. "[C]ase law

3

interpreting the express purpose of Rule 608(b) makes clear that not all prior bad acts are admissible to impeach a witness. Such acts are only admissible insofar as they bear on a witness's propensity for truthfulness or untruthfulness," *United States v. Devery*, 935 F. Supp. 393, 407 (S.D.N.Y. 1996), *aff'd* 128 F.3d 38 (2d Cir. 1997). Complaints against officers are not probative of a law enforcement witness's truthfulness or untruthfulness unless the underlying conduct involves dishonesty. *United States v. Horsford*, 422 Fed. Appx. 29, 30 (2d Cir. 2011). The **unsubstantiated** disciplinary claims against CO-1, as well as whatever other "information or underlying facts" regarding these claims may be in the requested investigative files, do not bear on CO-1's propensity for truth-telling. Because of this, the evidence is not admissible under Rule 608(b), and cross examination about CO-1's disciplinary history will not be permitted.

*United States v. Rossy*, 2023 WL 8039500, *5 (S.D.N.Y. Nov. 20, 2023).

Ultimately, what Plaintiff is arguing is that even though all allegations of other wrongful conduct by Defendants Lewalski and Horbett were rejected by factfinders, the allegations themselves are still be sufficient to undermine their credibility. The Court should not allow the OSI complaints and discipline arising out the Dante Taylor incident to be used for impeachment purposes on cross-examination (Cf. *Michelson v. United States*, 335 U.S. 469, 482 (1948) ("Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness.")).

Since there is no reasonable probability that questions based on these prior complaints can be properly relied upon by a jury in determining the witness's credibility or their propensity to have done what Plaintiff alleges they did, the Court should preclude their use by Plaintiff at trial.

## POINT II

## BIFURCATION OF THE PUNITIVE DAMAGES ISSUE IS
## NOT WARRENTED IN THIS CASE

Defendants do not consent to bifurcating the issue of punitive damages [2].  Pursuant to

Fed. R. Civ. P. 42(b) the court, in its discretion, may bifurcate issues at trial "for convenience or

---

[2] Modern Federal Jury Instructions contains two alternate punitive damages instructions – one bifurcated and the other when there is a unified trial of liability and damages.

### PUNITIVE DAMAGES – ALTERNATIVE 1 (Bifurcated)

[DEFENDANTS CONTEND THAT THE EVIDENCE DOES NOT WARRANT THESUBMISSION OF A PUNITIVE DAMAGES INSTRUCTION TO THE JURY.NEVERTHELESS, SHOULD THE COURT ISSUE SUCH A CHARGE, DEFENDANTS PROPOSE THE FOLLOWING:]

IN ADDITION TO THE DAMAGES MENTIONED IN THE OTHER INSTRUCTIONS,THE LAW PERMITS YOU TO AWARD AN INJURED PERSON PUNITIVE DAMAGES UNDER CERTAIN CIRCUMSTANCES IN ORDER TO PUNISH ONE OR MORE OF THE DEFENDANTS FOR SOME EXTRAORDINARY MISCONDUCT AND TO SERVE AS AN EXAMPLE OR WARNING TO OTHERS NOT TO ENGAGE IN SUCH CONDUCT.PUNITIVE DAMAGES ARE NOT FAVORED IN LAW AND ARE ALLOWED ONLY WITH CAUTION AND WITHIN NARROW LIMITS.
IF YOU FIND IN FAVOR OF PLAINTIFF AND AGAINST ONE OR MORE THAN ONE OF
THE DEFENDANTS, AND IF YOU FIND, FURTHER, THAT
ANY  DEFENDANT'S CONDUCT WAS RECKLESSLY AND CALLOUSLYINDIFFERENT TO PLAINTIFF, THEN, IN ADDITION TO
ANY OTHER DAMAGES TOWHICH YOU FIND PLAINTIFF IS ENTITLED, YOU MAY, BUT ARE NOTREQUIRED TO, AWARD
PLAINTIFF AN ADDITIONAL AMOUNT AS PUNITIVE DAMAGES IF YOU FIND IT IS APPROPRIATE TO PUNISH ONE OR MORE THAN ONE OF THE DEFENDANTS, OR DETER DEFENDANTS AND OTHERS FROM LIKECONDUCT IN THE FUTURE. WHETHER TO AWARD PLAINTIFF PUNITIVEDAMAGES AND THE AMOUNT OF THOSE DAMAGES ARE WITHIN YOUR SOUND DISCRETION.
YOU MAY ASSESS PUNITIVE DAMAGES AGAINST ANY OR ALL DEFENDANTS OR YOU MAY REFUSE TO IMPOSE PUNITIVE DAMAGES AGAINST ANY OR ALL DEFENDANTS.  IF PUNITIVE DAMAGES ARE ASSESSED AGAINST MORE THAN ONE OF THE DEFENDANTS, THE AMOUNTS ASSESSED AGAINST EACH SUCH DEFENDANT MAY BE THE SAME OR THEY MAY BE DIFFERENT.
IF YOU DECIDE TO AWARD PUNITIVE DAMAGES AGAINST ANYDEFENDANT IN THIS CASE, WE WILL
RECONVENE FOR A FURTHER HEARINGAT A LATER DATE SO THAT YOU MAY CONSIDER THE AMOUNT OF PERSONAL
ASSETS AND LIABILITIES OF SUCH INDIVIDUAL DEFENDANT OR DEFENDANTS IN FIXING THE AMOUNT OF PUNITIVE DAMAGES YOU MAY DECIDE TO ASSESS.

[O'Malley,  Grenig  and  Lee, 3 B *Federal Jury Practice and Instructions*,
§  166.62  (6th  Ed., 2024);
*Smith v. Wade*, 461 U.S. 30, 56 (1983);
*Carey v. Piphus*, 435 U.S. 247, 257 n.11 (1978);
*Zarcone v. Perry*, 572 F.2d 52, 56 (2d Cir. 1978);
*Gagne v. Town of Enfield*, 734 F.2d (2d Cir. 1984);
*McFadden v. Sanchez*, 710 F.2d 907, 912-914 (2d Cir. 1983) *cert. denied* 464 U.S.
961 (1983).]

### PUNITIVE DAMAGES – ALTERNATIVE 2

WHETHER OR NOT YOU AWARD THE PLAINTIFF ACTUAL DAMAGES, YOU MAY ALSO, IN YOUR DISCRETION, MAKE AN AWARD OF PUNITIVE DAMAGES. PUNITIVE DAMAGES ARE AWARDED, IN THE DISCRETION OF THE JURY, TO PUNISH A DEFENDANT FOR EXTREME OR OUTRAGEOUS CONDUCT, AND TO DETER OR PREVENT A DEFENDANT AND OTHERS LIKE THEM FROM COMMITTING SUCH CONDUCT IN THE FUTURE.
YOU MAY AWARD THE PLAINTIFF PUNITIVE DAMAGES IF YOU FIND THAT THE ACTS OR OMISSIONS OF THE DEFENDANT WERE DONE MALICIOUSLY OR WANTONLY. AN ACT OR FAILURE TO ACT IS MALICIOUSLY DONE IF IT IS PROMPTED BY ILL WILL OR SPITE TOWARDS  THE
INJUREDPERSON.  AN ACT OR FAILURE TO ACT IS WANTON IF  DONE WITH A RECKLESS OR CALLOUS DISREGARD FOR THE RIGHTS OF THE INJURED PERSON. THE PLAINTIFF  HAS THE BURDEN OF PROVING, BY A PREPONDERANCE  OF THE EVIDENCE, THAT DEFENDANT ACTED MALICIOUSLY OR WANTONLY WITH REGARD TO THE PLAINTIFF'S RIGHTS.

to avoid prejudice". Fed. R. Civ. P. 42(b).  Bifurcation allows a court to separate portions of a trial, for example, liability and damages, "in order to promote the interests of convenience, negation of prejudice, and judicial efficiency." *EEOC v. United Health Programs of Am.*, 2017 U.S. Dist. LEXIS 222646, *43 (S.D.N.Y. Sept. 4, 2017); *quoting Vichare v. AMBAC Inc.*, 106 F.3d 457, 466 (2d Cir. 1996) (internal quotations omitted). However, bifurcation remains the exception rather than the rule. *Dallas v. Goldberg*, 143 F.Supp.2d 312 (S.D.N.Y. 2001)

Bifurcation may be appropriate where the evidence offered on two different issues will be wholly distinct. *Vichare,* 106 F.3d 466. However, bifurcation is not appropriate in an excessive force case where the issues of liability and damages are intertwined. *Tafari v. Goord*, 2011 U.S. Dist. LEXIS 118871, *3 (W.D.N.Y. Oct. 14, 2011). To determine whether bifurcation of the issue of punitive damages is warranted, Courts generally should consider three factors "(1) whether significant resources would be saved by bifurcation; (2) whether bifurcation will

---

IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT ACTED WITH MALICIOUS INTENT TO VIOLATE THE PLAINTIFF'S FEDERAL RIGHTS OR UNLAWFULLY INJURE HIM, OR IF YOU FIND THAT DEFENDANT ACTED WITH A CALLOUS OR RECKLESS DISREGARD OF THE PLAINTIFF'S RIGHTS, THEN YOU MAY AWARD PUNITIVE DAMAGES. AN AWARD OF PUNITIVE DAMAGES, HOWEVER, IS DISCRETIONARY; THAT IS, IF YOU FIND THAT THE LEGAL REQUIREMENTS FOR PUNITIVE DAMAGES ARE SATISFIED, THEN YOU MAY DECIDE TO AWARD PUNITIVE DAMAGES, OR YOU MAY DECIDE NOT TO AWARD THEM.

IN MAKING THIS DECISION, YOU SHOULD CONSIDER THE UNDERLYING PURPOSE OF PUNITIVE DAMAGES. PUNITIVE DAMAGES ARE AWARDED IN THE JURY'S DISCRETION TO PUNISH A DEFENDANT FOR OUTRAGEOUS CONDUCT OR TO DETER THAT DEFENDANT AND OTHERS LIKE THEM FROM PERFORMING SIMILAR CONDUCT IN THE FUTURE. THUS, IN DECIDING WHETHER TO AWARD PUNITIVE DAMAGES, YOU SHOULD CONSIDER WHETHER DEFENDANT MAY BE ADEQUATELY PUNISHED BY AN AWARD OF ACTUAL DAMAGES ONLY, OR WHETHER THE CONDUCT IS SO EXTREME AND OUTRAGEOUS THAT ACTUAL DAMAGES ARE INADEQUATE TO PUNISH THE WRONGFUL CONDUCT. YOU SHOULD ALSO CONSIDER WHETHER ACTUAL DAMAGES, STANDING ALONE, ARE LIKELY TO DETER OR PREVENT THIS DEFENDANT FROM SIMILAR WRONGFUL CONDUCT IN THE FUTURE, IF IT WAS IN FACT WRONGFUL, OR WHETHER PUNITIVE DAMAGES ARE NECESSARY TO PROVIDE DETERRENCE. FINALLY, YOU SHOULD CONSIDER WHETHER PUNITIVE DAMAGES ARE LIKELY TO DETER OR PREVENT OTHER PERSONS FROM PERFORMING WRONGFUL ACTS SIMILAR TO THOSE DEFENDANT MAY HAVE COMMITTED.

IF YOU DECIDE TO AWARD PUNITIVE DAMAGES, THESE SAME PURPOSES SHOULD BE KEPT IN MIND AS YOU DETERMINE THE APPROPRIATE SUM OF MONEY TO BE AWARDED AS PUNITIVE DAMAGES. THAT IS, IN FIXING THE SUM TO BE AWARDED, YOU SHOULD CONSIDER THE DEGREE TO WHICH DEFENDANT SHOULD BE PUNISHED FOR THEIR WRONGFUL CONDUCT, AND THE DEGREE TO WHICH AN AWARD OF ONE SUM OR ANOTHER WILL DETER DEFENDANT OR PERSONS LIKE HIM FROM COMMITTING WRONGFUL ACTS IN THE FUTURE.

THE EXTENT TO WHICH A PARTICULAR SUM OF MONEY WILL ADEQUATELY PUNISH A DEFENDANT, AND THE EXTENT TO WHICH A PARTICULAR SUM WILL ADEQUATELY DETER OR PREVENT FUTURE MISCONDUCT, MAY DEPEND UPON THE FINANCIAL RESOURCES OF THE DEFENDANT AGAINST WHICH DAMAGES ARE AWARDED. THEREFORE, IF YOU FIND THAT PUNITIVE DAMAGES SHOULD BE AWARDED AGAINST THE DEFENDANT, YOU MAY CONSIDER THE FINANCIAL RESOURCES OF THE DEFENDANT IN FIXING THE AMOUNT OF SUCH DAMAGES.

[5 *Modern Federal Jury Instructions* – **Civil P. 87-92**]

increase juror comprehension, and (3) whether bifurcation will lead to repeat presentations of the same evidence and witnesses." *Id*. at *3 (quoting *WeddingChannel.Com Inc. v. The Knot, Inc.*, 2004 U.S. Dist. LEXIS 25749, *3 (S.D.N.Y. Dec. 23, 2004)).

Like the circumstances here, the *Tafari* plaintiff sought bifurcation with respect to liability and damages in an excessive force case. *Id.* at *2.  In *Tafari*, it was undisputed that there was a physical altercation between plaintiff and the defendants and the jury deciding damages would have to be presented all the evidence relating to the facts and circumstances surrounding the underlying altercation. *Id.* at *11.  Thus, the deciding jury would review the evidence during the trial on liability to determine injuries and if any were the result of the use of excessive force. *Id.*  The *Tafari* court properly denied bifurcation. *Id.* at *14.

Plaintiff in this case does not provide any reasons as to why he would like to bifurcate liability and damages (see ECF No. 147, pg. 9). *Kerman v. City of New York*, 1997 U.S.Dist.LEXIS 16841 (S.D.N.Y. Oct. 24, 2997) (denying motion to bifurcate where moving party failed to present particular factors to distinguish potential prejudice from that normally addressed through curative instructions).  It is unclear whether plaintiff is seeking punitive damages primarily against the officers involved in the use of force or as against all defendants, including those only involved in the medical indifference claim (plaintiff has not moved to bifurcate the excessive force claims from the medical indifference claims). Defendants contend that bifurcation to have the jury hear the same witnesses would expend significant resources on the part of all the parties. The presentation of the testimony witnesses the testimony in a liability trial would significantly overlap with the testimony in a damages trial and would be repetitious in that the existence of injury can inform the jury's view of whether the force was excessive; and the medical indifference proof pertains to whether the plaintiff, in fact, suffered any injury.

Liability and damages are interwoven and the alleged injuries that Plaintiff is claiming will need to be explored at the trial. Additionally, bifurcation would not aid in juror comprehension "as juries routinely decide [] damages in § 1983 cases alongside liability." *McCleod v. Llano*, 2021 U.S. Dist. LEXIS 81006, *9 (E.D.N.Y. Apr. 28, 2021).

The only evidence unique to a determination of punitive damages would be evidence of the Defendants' financial means (to pay a punitive damage award). If evidence of Defendants' personal financial means is elicited as a factor in any punitive damages calculation, the Defendants would request that the Court give a limiting instruction to the jury to cure any prejudice. See *McLeod v. Llano*, 2021 U.S. Dist.LEXIS 81006 (E.D.N.Y. April 28, 2021).

Additionally, Plaintiff is seeking bifurcation as it relates to Defendants' ability to pay and whether indemnification for punitive damages is appropriate. At this point in litigation, Defendants cannot provide a definite answer as to whether or not the State will indemnify the Defendants for either compensatory or punitive damages because the matter has not been adjudicated by the jury. Indemnification is not relevant nor is it a matter for the jury. *Nunez v. Diedrick*, 2017 U.S. Dist. LEXIS 199926, *6 (S.D.N.Y. Jun. 12, 2017); *citing Jean-Laurent v. Hennessy*, 840 F. Supp. 529, 550 (E.D.N.Y. Oct. 24, 2011).

The concept behind Defendants request that the Court exclude evidence as it relates to indemnification is that it may lead the jury to believe that they may be indemnified by the [State of New York], "which is commonly viewed as a deep pocket for the purposes of any potential judgment." *Id.* (internal quotation omitted). Reference to indemnification is highly prejudicial to the Defendants. *Diaz v. Smith*, 2023 U.S. Dist. LEXIS 153895, *6 (N.D.N.Y. Aug. 31, 2023). Any mention about indemnification would prejudice Defendants and therefore, Defendants respectfully request that Plaintiff be prohibited from referencing indemnification.

**POINT III**

**THE CORRECTIONAL ASSOCIATION REPORT ON
WENDE CF IS INADMISSIBLE FOR ANY PUROSE**

Plaintiff has identified as a potential exhibit a report by the Correctional Association of New York ("CANY") on the conditions in Wende Correctional Facility and argues that it is admissible pursuant to Fed. R. Evid. 402, 403, 602, 801 and 802. *See* ECF No. 147, pg. 6. However, the Second Circuit has ruled that reports by the Correctional Association are inadmissible for any purpose in Eighth Amendment §1983 inmate cases. *Abascal v. Fleckenstein*, 820 F3d 561 (2nd Cir. 2016). In *Abascal*, the trial court had allowed plaintiff to introduce into evidence a similar report on conditions at the Attica CF. The jury found for the plaintiff and awarded $1 in nominal damages and $150,000 in punitive damages. On appeal, the Second Circuit truled that allowing the CANY report into evidence was reversible error, vacated the judgment and remanded the case to the District Court for further proceedings. The Court held that the CANY report was hearsay, was not admissible under the business records and public records exceptions to the hearsay rule, and that its admission was not harmless error. Accordingly, the Court should preclude Plaintiff from using the CANY report for any purpose at trial.

**POINT IV**

**DEFENDANTS HAVE NOT WAIVED THEIR RIGHT TO
OBJECT TO THE ADMISSIBILITY OF EVIDENCE**

In his opposition to Defendant Lewalski's supplemental motion in limine (ECF No. 148), Plaintiff appears to make the sweeping argument that Defendants have waived their right to contest the admissibility of evidence going forward. This argument is meritless for the several reasons.

9

First, while the Court states in its Amended Pretrial Order (ECF No. 112) that the "parties have an obligation to advise the Court, as soon as possible, of any significant issues of law involved in the case, and any unusual questions related to the admissibility of evidence," it also acknowledges that "some issues cannot be anticipated." *Id*. at pg. 6. The issues regarding the admissibility of evidence of unsubstantiated allegations of wrongful conduct only recently arose in the context of pretrial motions and the discussions at the pretrial conference on March18, 2024. Moreover, Defendants still do not know the scope of that issue because Plaintiff has not identified what, if any, material they are going to try and use at trial from the recently produced *McDay* subpoena response.

Second, it is black letter law that waiver of a right has to be voluntary, knowing and intentional, and that the burden of proving this is on the party attempting to enforce the purported waiver. *See, e.g., Sullivan v. Ajax Navigation Corp.,* 881 F.Supp. 906, 910 (S.D.N.Y.1995) ("the burden of proving that a waiver was knowing and intentional rests with the party attempting to enforce the purported waiver"). Plaintiff has in no way carried his burden of proving Defendants have waived their right to object to the admissibility of evidence because they have not moved *in limine* on every conceivable legal or evidentiary issue.

## CONCLUSION

For the reasons stated, the Court should grant the relief requested herein.


Dated:      March 29, 2024
            Buffalo, New York

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants Horbett, Mancini,
Pecora, Rivera, Levitt and Gusman
BY:

*/s/ David J. Sleight*
DAVID J. SLEIGHT
JENNIFER METZGER KIMURA
Assistant Attorneys General, of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202
(716) 853-8444
David.Sleight@ag.ny.gov
Jennifer.Kimura@ag.ny.gov

11